IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

MELANIE PROCTOR, ADMINISTRATRIX
Of the ESTATE OF FELIX KIRK MCDERMOTT,

    Plaintiff,

v.                                            Civil Action No. 1:20-cv-37
                                               Judge Thomas S. Kleeh

THE UNITED STATES OF AMERICA,

    Defendant.

### ANSWER OF THE UNITED STATES OF AMERICA TO PLAINTIFF'S AMENDED COMPLAINT

Comes now the United States of America (United States), by counsel, in answer to the plaintiff's amended complaint and says as follows:

### FIRST DEFENSE

The amended complaint fails to state a claim upon which relief can be granted, and, therefore, the amended complaint and this civil action should be dismissed.

### SECOND DEFENSE

1. For its answer to paragraph 1 of the amended complaint, this defendant states that it is without knowledge or information sufficient to form a belief as to the allegations contained therein, and, therefore, demands strict proof thereof.

2. For its answer to paragraph 2 of the amended complaint, this defendant states that it admits the allegations contained in that paragraph of the amended complaint.

3. For its answer to paragraph 3 of the amended complaint, this defendant states that Glenn R. Snider, Jr., M.D., FACP, was appointed as the Medical Center Director of the Louis A. Johnson VA Medical Center in Clarksburg, West Virginia (hereinafter referred to as CVAMC)

on March 20,2016, and previously served as Chief of Staff at CVAMC since September of 1999. He is an employee of the United States. This defendant further states that it denies all other allegations contained in that paragraph of the amended complaint.

4. For its answer to paragraph 4 of the amended complaint, this defendant states that Glenn R. Snider, Jr., M.D., FACP, as the Medical Center Director of CVAMC has certain supervisory duties at CVAMC and works with various employees at CVAMC in performing the functions required at CVAMC. This defendant further states that it denies all other allegations contained in that paragraph of the amended complaint.

5. For its answer to paragraph 5 of the amended complaint, this defendant states that Reta P. Mays acted outside the scope of her employment and that the United States is not liable for the criminal misconduct of Reta P. Mays. This defendant further states that it denies all other allegations contained in that paragraph of the amended complaint.

6. For its answer to paragraph 6 of the amended complaint, this defendant states that it denies all of the allegations contained in that paragraph of the amended complaint.

7. For its answer to paragraphs 7 and 8 of the amended complaint, this defendant states that these paragraphs contain plaintiff's assertions of applicable law, and, therefore, this defendant denies the allegations contained in those paragraphs of the amended complaint.

8. For its answer to paragraph 9 of the amended complaint, this defendant states that Melanie Proctor presented an SF 95 Claim For Damage, Injury, Or Death to the United States, that the United States has acknowledged receipt of that form by letter, and that more than six months has transpired since that claim form was received. This defendant denies all other allegations contained in that paragraph of the amended complaint.

9. For its answer to paragraph 10 of the amended complaint, this defendant states that it denies all of the allegations contained in that paragraph of the amended complaint.

10. For its answer to paragraphs 11-30 of the amended complaint, this defendant states that the provisions of the VHA Handbook, Medical Center Memoranda, and VHA Directives in effect at the times alleged in the amended complaint are set forth in those documents.  This defendant further states that it denies all other allegations contained in those paragraphs of the amended complaint.

11. For its answer to paragraphs 31 and 32 of the amended complaint, this defendant states that Felix Kirk McDermott was admitted to CVAMC on April 6, 2018, and that his medical condition throughout this admission is described in the medical records regarding this admission to CVAMC.  This defendant further states that the medical records regarding this admission contain the orders, laboratory tests and results, progress notes, and other information regarding that admission.  This defendant denies all other allegations contained in those paragraphs of the amended complaint.

12. For its answer to paragraphs 33 and 34 of the amended complaint, this defendant states that it denies the allegations contained in those paragraphs of the amended complaint.

13. For its answer to paragraph 35 of the amended complaint, this defendant states that Felix Kirk McDermott's date of death, time of death, and listed cause of death are stated in the medical records of Felix Kirk McDermott at CVAMC.  This defendant further states that it denies all other allegations contained in that paragraph of the amended complaint.

14. For its answer to paragraphs 36-40 and 42-52 of the amended complaint, this defendant states that it is not legally liable for the criminal misconduct of any employees acting

outside the scope of their employment.  This defendant further states that it denies all other allegations contained in those paragraphs of the amended complaint.

15.   For its answer to paragraph 41 of the amended complaint, this defendant states that Felix Kirk McDermott's body was exhumed and that an autopsy was performed on October 24, 2018, and the report of that autopsy was signed on February 13, 2019, by Paul Uribe, LTC, MC, USA, Deputy Medical Examiner.  The results of that autopsy are listed in the autopsy report.  This defendant denies all other allegations contained in that paragraph of the amended complaint.

16.   To the extent that this defendant has not answered any allegation contained in the amended complaint, it is hereby denied by this defendant.  This defendant further denies that it is liable to the plaintiff, and this defendant demands that this civil action be dismissed with judgment awarded to this defendant.

## THIRD DEFENSE

This defendant specifically denies each and every allegation of plaintiff's amended complaint not specifically admitted herein.

## FOURTH DEFENSE

This defendant did not proximately cause all or part of the injuries and damages alleged in the amended complaint, and, therefore, this civil action should be dismissed.

## FIFTH DEFENSE

This defendant hereby alleges as an affirmative defense that the acts complained of in the Complaint were the proximate result of the negligence of others and not this defendant.  This defendant further alleges as an affirmative defense the West Virginia Medical Professional Liability Act, W. Va. Code § 55-7B-1 et seq., and all defenses available to it, affirmative or

jurisdictional or otherwise, pursuant to the terms and conditions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), and 2671 et seq., applicable federal law, and the common law and statutes of the State of West Virginia, as may be applicable to this case and as developed through the discovery process.

## SIXTH DEFENSE

The negligence of others was the sole and proximate cause of the injuries and damages alleged in the amended complaint, and, therefore, this civil action should be dismissed.

## SEVENTH DEFENSE

The defendant asserts all available and affirmative defenses under the FTCA, the MPLA and all applicable federal law and West Virginia law, including, but not limited to, comparative negligence, comparative causation, sovereign immunity, the discretionary function exception to the FTCA (28 U.S.C. § 2680), the jurisdictional defenses available under the FTCA, failure to exhaust administrative remedies as required by the FTCA, all defenses which can be asserted under 28 U.S.C. § 2680, and all other affirmative defenses listed in Fed.R.Civ.P. 8(c).

## EIGHTH DEFENSE

This defendant is entitled to a proportionate reduction in any recovery, if any, for the plaintiff for the injuries and damages alleged in the amended complaint for the payment of any federal benefits, damages which could have been mitigated, collateral sources as permitted under the MPLA and federal law.

## NINTH DEFENSE

Plaintiff's recovery, if any, against this defendant is limited by the amount specified in the administrative claim submitted to the United States and the sovereign immunity of the United States.

### TENTH DEFENSE

Plaintiff's recovery, if any, is limited by the limitations on damages contained in the West Virginia Medical Professional Liability Act, W.Va. Code § 55-7B-1, *et seq*. This defendant also asserts all other statutory defenses set forth in the West Virginia Medical Professional Liability Act, W.Va. Code § 55-7B-1, *et seq*.

### ELEVENTH DEFENSE

Not being fully advised as to all the facts and circumstances surrounding the allegations contained in the plaintiff's amended complaint, this defendant hereby invokes and asserts all affirmative defenses which may prove applicable herein, including, but not necessarily limited to, those defenses specifically set forth in Fed.R.Civ.P. 8(c) as though fully set forth herein. This defendant also asserts all defenses that may be applicable under Rule 12 of the Federal Rules of Civil Procedure and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2401, 2671, *et seq*.

### TWELFTH DEFENSE

The plaintiff's claims are barred because the plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), and 2671 et seq.

### THIRTEENTH DEFENSE

This court lacks subject matter jurisdiction over the claims asserted in the amended complaint, and, therefore, this civil action must be dismissed.

### FOURTEENTH DEFENSE

The plaintiff's claims are barred because the plaintiff failed to comply with the pre-litigation requirements imposed by West Virginia Medical Professional Liability Act, W.Va. Code § 55-7B-1, *et seq*.

**FIFTEENTH DEFENSE**

Any claims by the plaintiff for prejudgment interest and attorney fees against this defendant are barred by the sovereign immunity of the United States, 28 U.S.C. § 2674, and other applicable federal law, and, therefore, any claims asserted by the plaintiff for prejudgment interest and attorney's fees asserted against this defendant in the Complaint or otherwise should be dismissed.

**SIXTEENTH DEFENSE**

The United States is entitled to an offset from the damages awarded in any verdict or judgment rendered in favor of the plaintiff, if any, for any medical or other expenses paid by or through any benefits or other programs funded in whole or in part by the United States and for any other benefits provided to plaintiff by any federal or state benefit program as a matter of federal law or state law. The United States is also entitled to any offsets permitted by W.Va. Code § 55-7B-9a and any other applicable federal and/or state law from any damages awarded in any verdict or judgment rendered in favor of the plaintiff, if any.

**SEVENTEENTH DEFENSE**

This defendant cannot be held vicariously or otherwise liable for the criminal conduct of any of its employees because such conduct is beyond the scope of employment of such employees and is not recoverable under the FTCA or any other federal and/or state law and is barred by the sovereign immunity of the United States. Any claims based on such conduct should be dismissed.

**EIGHTEENTH DEFENSE**

This defendant cannot be held vicariously or otherwise liable for any conduct of its employees which is beyond the scope of their employment with the United States, and any

7

claims based on such conduct should be dismissed.

WHEREFORE, the United States prays that this Court enter judgment in its favor on the grounds set forth herein, dismiss this civil action, and afford this defendant such other and further relief that the Court may deem appropriate.

Respectfully submitted,

**MICHAEL B. STUART**
**United States Attorney**


**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov

## CERTIFICATE OF SERVICE

I, Fred B. Westfall, Jr., Assistant United States Attorney for the Southern District of West Virginia, hereby certify that on July 27, 2020, I electronically filed the foregoing **ANSWER OF THE UNITED STATES OF AMERICA TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Tony L. O'Dell
Cheryl A. Fisher
Tiano O'Dell, PLLC
P. O. Box 11830
Charleston, WV 25339
*Counsel for Plaintiff*

    **s/Fred B. Westfall, Jr.**
    WV State Bar No. 3992
    Assistant United States Attorney
    Attorney for United States
    P.O. Box 1713
    Charleston, WV 25326
    Phone: 304-345-2200
    Fax: 304-347-5443
    E-mail: fred.westfall@usdoj.gov